FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2014 JAN 28 PM 2:05
CLERK____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) |
| v. | ) CASE NO. CR413-007<br>) |
| VINCENT BRYANT, a/k/a Vincent Lonon, a/k/a Chill, a/k/a Chilly; and RICARDO JAMAINE CRAWFORD, a/k/a Rico; | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 348), to which objections have been filed (Doc. 368; Doc. 370). After a careful de novo review of the record, the Court finds Defendants' objections to be without merit. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case and Defendants Bryant's and Crawford's Motions to Suppress are **DENIED**.

In their objections, Defendants contend that the wiretap on Target Telephone ("TT") 1 should be suppressed because TT-1 and TT-2 were both supported by the same 94-page affidavit. (Doc. 368 at 1-2; Doc. 370 at 1-2.) This characterization is, however, incorrect. While the affidavits are very similar, the affidavit for TT-2 explains that the need for the separate wiretap was due to the target individual changing cell phones, a tactic he repeatedly used during the investigation in an

attempt to avoid investigation. Therefore, it is to be expected that the two affidavits would be very similar because the only change to the factual circumstances surrounding the need for the wiretap was the new target telephone. Moreover, Defendants have failed to point to any case holding that too much similarity between affidavits renders one of them incapable of supporting a wiretap application.

In addition, Defendants argue that the Magistrate Judge did not mention any affidavit used to support TT-9. (Doc. 368 at 2; Doc. 370 at 3-4.) However, this Court has reviewed the wiretap application for TT-9, concluding that it is adequately supported by a 67-page affidavit. Finally, Defendant Bryant maintains that the Government failed to adequately establish the necessity of wiretaps TT-2, TT-3, TT-4, TT-7, TT-8, and TT-9. (Doc. 370 at 2-3.) This Court has reviewed the affidavits for those wiretap applications and concurs with the Magistrate Judge that the Government met its burden of establishing their necessity.

SO ORDERED this 28th day of January 2014.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA